## ORIENTAL TEXTILE MILLS v. THOMPSON WORSTED CO.

(District Court, E. D. Pennsylvania. June 13, 1921.)

No. 5622.

Evidence ⟨key⟩448—Where a written contract, if accepted, was not ambiguous, prior correspondence held irrelevant.

Where the terms of a letter were sufficient to express a contract without ambiguity for the sale and purchase of a commodity, the only issue being as to its acceptance by one party after an alteration made therein by the other, prior correspondence between them *held* properly excluded.

At Law. Action by the Oriental Textile Mills against the Thompson Worsted Company. On motion by plaintiff for new trial. Denied.
See, also, 265 Fed. 794.

Thomas F. Gain, Frank A. Chalmers, and Brown & Williams, all of Philadelphia, Pa., for plaintiff.

Hiram Hathaway, Jr., of Chester, Pa., and W. Roger Fronefield, of Media, Pa., for defendant.

THOMPSON, District Judge. The sole issue at the trial was whether there was a contract between the parties by reason of the acceptance by the plaintiff of the defendant's letter of January 29, 1917, after the latter had changed the terms by erasure of the words "with samples submitted," and inserting in lieu thereof "with that per our invoice November 12, 1915." This issue was clearly defined by Judge Dickinson in his opinions of June 2, 1920, and October 29, 1920, ordering a new trial.

The written terms contained in that paper were sufficient to express a contract without ambiguity, both before and after the plaintiff made the alteration. If there was a contract, there was a breach, because of the defendant's cancellation, and there was no dispute about the measure of damages. The prior correspondence consisted entirely of letters and telegrams between the parties in relation to other contracts and negotiations which led up to the contract of January 29, 1917. The only evidence required to explain its terms, therefore, was such as would fix the identity of the invoice of November 12, 1915, if the plaintiff was in the right, and to fix the identity of the samples submitted by the defendant, if the defendant was in the right. The prior correspondence was, therefore, no part of the contract, and its introduction could but lead to confusion in the minds of the jury, and it was, therefore, properly excluded. The subsequent correspondence was irrelevant to the issue presented.

It is insisted there should have been a directed verdict for the plaintiff, because, in the affidavit of defense, the defendant acknowledged that, on or about January 29, 1917, the plaintiff and defendant entered into a contract whereby the plaintiff agreed to buy and the defendant agreed to sell 100,000 pounds of gray top. That part of the affidavit of defense, however, must be taken in connection with the averment that the contract of January 29, 1917, was changed without warrant from

⟨key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the defendant, fraudulently and without its knowledge, which, if proven to the satisfaction of the jury, and without ratification after discovery of the alteration, was a sufficient defense.

In the plaintiff's fourth point for charge, the court was asked to instruct the jury to take into consideration "the uncontradicted testimony that a letter dated February 3, 1917, from the plaintiff and addressed to the defendant, was inclosed in the same envelope in which the changed letter was mailed to the defendant." To have so charged would have been to ignore the testimony of the defendant's witness, Goldsworthy, who testified as to opening the envelope in which the altered contract was inclosed, and that there was no such letter with the returned contract. It is therefore held that the point was properly declined.

The plaintiff also assigns error on the part of the trial judge in declining to affirm the plaintiff's seventh point, calling the attention of the jury to the defendant's failure to call as a witness Mr. Walter Thompson, its president, upon the question whether the defendant knew of the change in the contract. While the law as stated in the point—"The failure of a party to produce testimony peculiarly within its own possession or control permits of the inference that, if produced, it would not support the party's contention"—is substantially correct, there was nothing in the case to show that the president of the defendant corporation had anything to do with the opening of the mail or with the letter in question. The trial judge could not assume that such was the case, in the absence of any evidence to that effect.

There being in my opinion no substantial error in the admission or rejection of evidence, nor in the instructions to the jury as contained in the charge, or the rulings upon the points presented, the motion for a new trial is denied.